IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

Case No.:

LEONARD SULAYMANOV,
JLZ CONSULTING, INC. D/B/A
LENZO & CO., SMITHBRIDGE LIMITED
LIABILITY PARTNERSHIP, a Pennsylvania
limited liability partnership,

Plaintiffs,

v.

FLOYD MAYWEATHER JR. and
JONA RECHNITZ,

Defendants.

______________________________________/

## COMPLAINT

Plaintiffs, (i) Lenny Sulaymanov ("Mr. Sulaymanov"), (ii) JLZ Consulting, Inc. ("JLZ"), and (iii) Smithbridge Limited Liability Partnership ("Smithbridge" or "Smithbridge LLP"), a Pennsylvania limited liability partnership (collectively, the "Plaintiffs"), hereby sue (collectively, the "Defendants") (a) Floyd Mayweather Jr. ("Mr. Mayweather"), and (b) Jona Rechnitz ("Mr. Rechnitz"), and in support thereof allege:

## NATURE OF THE ACTION

1. This case arises from Mayweather and Rechnitz's breach and circumvention of a written contract. Specifically, Mr. Sulaymanov, JLZ, Smithbridge, Mr. Mayweather and Mr. Rechnitz are all Parties to an agreement (the "Contract") that resolved certain federal litigation among those Parties. The Defendants have (i) breached the Contract on at least three (3) occasions, (ii) have been provided an opportunity to cure their default (without penalty) and (iii) they have refused to cure same.

## THE PARTIES

2. Smithbridge, LLP is a Pennsylvania limited liability partnership with its principal place of business located at 1878 Route 70, #8, Cherry Hill, Camden County, New Jersey 08003.

3. Mr. Sulaymanov is an individual who resides in the state of Florida.

4. JLZ is a Delaware corporation that is registered to do business in the state of Florida and has listed its principal address as 323 Sunny Isles Blvd, Suite 501, Sunny Isles, Florida. Mr. Sulaymanov is the owner and managing member of JLZ.

5. Upon information and belief, Mr. Mayweather is an individual who is a resident of California.

6. Upon information and belief, Mr. Rechnitz is an individual who is a California resident.

## JURISDICTION AND VENUE

7. This Court has diversity jurisdiction under 28 U.S.C. §1332, because this is a civil action between citizens of different states and the amount in controversy exceeds the sum or value of $75,000.00.

8. Venue is proper in the Southern District of Florida because Section 12 of the Contract, which is at issue, provides as follows: "[a]ny dispute between the Parties or proceeding to enforce this Agreement shall be filed in the United States District Court for the Southern District of Florida[.]"

9. The Court may exercise jurisdiction over Mayweather, because (i) Mayweather executed a contract and breached such contract that required performance in Florida; (ii) owns real property in the state of Florida; (iii) committed a tortious act in the state of Florida; (iv) caused injury to a person or entity in Florida while engaging in substantial business activities in the state

of Florida; (v) engaged in a business venture in the state of Florida, including, without limitation having an indirect or direct ownership interest in Frist Apex Ventures, LLC; and (vi) has systematic but not isolated contact with the State of Florida. Mayweather has also consented to jurisdiction in the state of Florida pursuant to the terms of the Contract.

10. The Court may exercise jurisdiction over Rechnitz, because (i) Rechnitz executed a contract and breached such contract that required performance in Florida; (ii) owns real property in the state of Florida; (iii) committed a tortious act in the state of Florida; (iv) caused injury to a person or entity in Florida while engaging in substantial business activities in the state of Florida; (v) engaged in a business venture in the state of Florida, including, without limitation having an indirect or direct ownership interest in Frist Apex Ventures, LLC; and (vi) has systematic but not isolated contact with the State of Florida. Rechnitz has also consented to jurisdiction in the state of Florida pursuant to the terms of the Contract.

## STATEMENT OF FACTS

11. Smithbridge, LLP was retained to pursue a matter on behalf of Mr. Sulaymanov and JLZ against Mr. Mayweather and Mr. Rechnitz.

12. On or about August 23, 2024, an initial Federal action was filed in the United States District Court for the Southern District of Florida by Smithbridge, LLP (and its local counsel) on behalf of Mr. Sulaymanov and JLZ. See *Sulaymanov v. Mayweather Jr.*, Case No. 24-CV-23229 ("Initial Federal Action").

13. The Initial Federal Action and related claims were resolved through the execution of the Contract on January 8, 2025, by Mr. Sulaymanov and JLZ, along with Smithbridge, LLP, on the one hand, and Mr. Mayweather and Mr. Rechnitz on the other. A copy of the Contract is **in**

**the possession of each Defendant (or their counsel) and it is not attached hereto because the Contract[1] provides, in relevant part:**

> …Plaintiffs' Counsel agree to keep the existence of this Agreement … and all documents and things exchanged during … negotiations leading up to this Agreement … strictly confidential …

14. Pursuant to the Contract, Mr. Mayweather and Mr. Rechnitz are jointly and severally obligated to pay the total sum specified in the Contract in three (3) installments: the first lump sum payment was due by no later than March 30, 2025 (the "First Installment"); the second lump sum payment was due by no later than June 30, 2025 (the "Second Installment"); and the third and final lump sum payment is due by no later than June 30, 2026 (the "Final Installment" and collectively, the "Contract Payments").

15. Pursuant to the Contract, all of the Contract Payments were to be made "**payable to the IOLTA trust account of Smithbridge, LLP**". Contract at §2.d. (emphasis added).

16. Subsection 2.e. of the Contract expressly provides that Smithbridge, LLP (and local counsel) "**shall be solely responsible for the remittance or distribution of the --------- Payment to Plaintiffs**". Contract at §2.e. (emphasis added).

17. Section 11 of the Contract provides that it "**shall be binding upon, and inure to the benefit of the Parties and their respective. . . . attorneys**. **This Agreement shall be binding, enforceable, discoverable and admissible to establish the rights, obligations and duties of the Parties in any action brought to enforce this Agreement**." Contract at §11 (emphasis added).

18. Pursuant to Section 11 of the Contract, Smithbridge, LLP was an intended third-party beneficiary to the Agreement. Contract at §11.

---

[1] The Agreement includes an exception for "as may be required in connection with any action to enforce the Agreement (provided that the parties shall seek to treat any filing regarding such enforcement confidential and under seal).

19. The first installment was due on or before March 30, 2025, and Defendants failed to pay such installment into the IOLTA account as required under the Contract. This was the Defendants' first default under the Contract.

20. On March 31, 2025, Defendants were placed on notice of their default.

21. In response and over the next few weeks, Defendants asserted that under Section 5(a)(10) of the Contract, they had thirty (30) days to cure any default. Plaintiffs in this action disputed the Defendants' liberal interpretation of the Contract and continued to demand payment. Notwithstanding the foregoing, and despite the specious nature of Defendants' claim to being entitled to an additional thirty (30) days to pay the first installment, the Defendants still defaulted on the First Installment by failing to pay the First installment on or before April 30, 2025 (Defendants "cure" deadline).

22. While the First Installment was eventually paid on or before on May 30, 2025, such payment was not made in compliance with the requirements specified in the Contract. Specifically, Defendants eventually made a series of incremental payments, which in aggregate, amounted to the First Installment, but Defendants' failure to pay the full First Installment as and when due constituted a default under the Contract.

23. The Second Installment was due on or before June 30, 2025, and Defendants again failed to timely make that payment. This was Defendants' second breach of the Contract.

24. On or about October 8, 2025, Defendants were provided with written notice that they were in default of the June 30, 2025, payment (or the Second Installment), for which, in an abundance of caution Plaintiffs again applied Section 5(a)(10) of the Contract and gave Defendants yet another thirty (30) days to cure (or until November 8, 2025).

25. While Defendants did not cure the default by November 8, 2025, they were still given yet another series of additional, penalty free, extensions (as detailed below) to cure the default by making the payment by November 30, 2025, which was extended to December 15, 2025, and then extended again to December 22, 2025.

26. On or around November 30, 2025, Mr. Rechnitz contacted Mr. Sulaymanov and requested another extension until December 15, 2025, and Mr. Sulaymanov agreed.

27. Yet, on December 15, 2025, payment was not made into the IOLTA trust account of Smithbridge, LLP as required by the Contract.

28. Instead, starting on December 15th and then extending through the filing of this complaint, Mr. Rechnitz has advanced a series of lies and acted in bad faith in order to delay and avoid payment of the funds now long overdue under the Contract, to wit:

i. On December 11, 2025, Mr. Rechnitz emailed all parties confirming the wire would be sent 12/15/2025 when he knew no payment was being made.

ii. On December 15, 2025, Mr. Rechnitz emailed all parties stating "its going out later. It will reflect in your account tomorrow morning. Please confirm tomorrow by 10am PST once received…".

iii. On December 16, 2025, Mr. Rechnitz emailed all parties to "Hang on. Funds hitting our account today then shooting wire. Give it until 11 am PST tomorrow then Do your thing. You'll have the wire."

iv. On December 17, 2025, Mr. Rechnitz emailed all parties that "It's being handled thanks".

v. Later, on December 17, 2025, Mr. Rechnitz emailed the parties again assuring Plaintiffs and counsel that payment was "Being handled today".

vi. On December 17, 2025, Mr. Rechnitz and Yaniv Adar, Esquire (counsel for Mayweather) called Plaintiff's counsel requesting Smithbridge, LLP confirm proper wire instructions, despite, the fact that Defendants previously sent 4 wires to the exact IOLTA account without any problems, evidencing more bad faith and gamesmanship by Defendants.

vii. On December 18, 2025, no payment was made despite the phone call from Rechnitz the night before.

viii. On December 18, 2025, counsel for the parties exchanged emails promising payment would be made by close of business Friday, knowing that Defendants had no intention of paying on that date.

ix. On December 19, 2025, counsel for the parties had a phone call and exchanged emails, where once again Defendants requested a further extension of time to pay until Monday, December 22, 2025.

x. On December 22, 2025, no payment was made but Mr. Rechnitz face-timed Mr. Sulaymanov to show him an account which contained $2,100,000.00 earmarked to address the defaulted payment which he promised would be wired into the IOLTA account by 2 PM PST on 12/23/25.

xi. On December 23, 2025, no wire was made by Mr. Rechnitz. Counsel exchanged emails and Mr. Rechnitz and Mr. Sulaymanov texted, where Mr. Sulaymanov asked "what was the point of all these promises again..." and Mr. Rechnitz responded "I needed to gather it. Finally, you'll see in the am, let them be surprised".

29. As further evidence of Defendants' intentional, reckless and bad faith handling of their obligations under the Contract that governed the resolution of the Initial Federal Action, the Court need only consider the following facts:

i. After the settlement was reached Mr. Mayweather and Mr. Rechnitz enjoyed a multi-million dollar birthday week in Miami and bragged about it in the newspapers and to media outlets.

SI.COM ON SI SI SWIMSUIT SI TICKETS SI RESORTS SI SHOPS MY ACCOUNT SUBSCRIBE NOW

KO ON SI

**Floyd Mayweather Reportedly Spending Millions On Week-Long Miami Birthday Celebration**

Floyd "Money" Mayweather Jr. is living up to his nickname with how he's celebrating his 48th birthday.

Grant Young | Feb 18, 2025



Feb 7, 2023; Los Angeles, California, USA; American boxer Floyd Mayweather attends the game between the Los Angeles Lakers and the Oklahoma City Thunder in the first half at Crypto.com Arena. Mandatory Credit: Gary A. Vasquez-Imagn Images | Gary A. Vasquez-Imagn Images

ii. Then on June 30, 2025, while failing to make the Second Installment payment Defendants Mr. Mayweather and Mr. Rechnitz were enjoying a vacation in the South of France and bragging about how much money they were spending.







iii. Further evidencing Defendants' arrogant, cavalier attitude about court cases, settlements, contracts and monetary obligations, on November 26, 2025, while still being in default of the Contract, Mr. Mayweather posted this audacious photo behind millions in cash, saying he "just be minding [his] own business" while ignoring his legal and contractual obligations.




iv. Later, on that same date, Mr. Mayweather boasted about having a $400,000 Richard Mille watch on, while again ignoring his legal and contractual obligations to Plaintiffs.




30. Pursuant to the Contract, ALL the installments due under the Contract (which should have been paid by Mr. Mayweather and Mr. Rechnitz into the IOLTA trust account of Smithbridge, LLP, but were not), far exceed the $75,000.00 jurisdictional minimum of this Court.

31. All the Defendants' respective breaches of the Contract have caused and continue to cause damages to Plaintiffs in the form of, including but not limited to, attorneys' fees, the expenses of suit in the Initial Federal Action, consequential damages, as well as attorneys' fees and expenses in this action, and the consequential damages arising therefrom.

32. Smithbridge, LLP has engaged its undersigned counsel to represent it in this action and is obliged to pay its counsel a reasonable fee for services rendered.

33. JLZ and Mr. Sulaymanov have also retained its undersigned counsel and will be forced to incur legal fees and expenses for services rendered in this action.

34. All conditions precedent to the filing or pursuit of the instant action have occurred, been performed, or have been waived.

**<u>COUNT I – BREACH OF CONTRACT</u>**
**(Against Floyd Mayweather)**

Plaintiffs repeat and incorporate herein the allegations of paragraphs 1 through 34 above as if fully set forth herein.

35. Mr. Mayweather entered and is a party to the Contract.

36. Mr. Mayweather breached Subsections 2.d. and 2.e. of the Contract by virtue of the acts set forth above, including, without limitation, failure to timely effectuate payment.

37. As a direct and proximate result of Mr. Mayweather's breaches of the Contract, Plaintiffs have suffered substantial damages.

WHEREFORE, Plaintiffs prays that this Honorable Court will enter Judgment against Defendant FLOYD MAYWEATHER, JR (jointly and severally with Mr. Rechnitz) as follow: (i) finding that the Mr. Mayweather breached the Contract; (ii) awarding Plaintiffs their actual and consequential damages plus interest, legal fees and costs; and (iii) Granting such further relief as the Court deems just and proper.

**<u>COUNT II – BREACH OF CONTRACT</u>**
**<u>(AGAINST MR. RECHNITZ)</u>**

Plaintiffs repeats and incorporates herein the allegations of paragraphs 1 through 34 above as if fully set forth herein.

38. Mr. Rechnitz entered and is a party to the Contract.

39. Mr. Rechnitz breached Subsections 2.a., 2.b., and 2.d. of the Contract by virtue of the acts set forth above, including, without limitation failure to timely effectuate payment.

40. As a direct and proximate result of Mr. Rechnitz's breaches of the Contract, Plaintiffs have suffered substantial damages.

WHEREFORE, Plaintiff prays that this Honorable Court will enter Judgment against Defendant, JONA RECHNITZ (jointly and severally with Mr. Mayweather) as follow: (i) finding that the Mr. Rechnitz breached the Contract; (ii) awarding Plaintiffs their actual and consequential damages, plus interest, legal fees and costs; and (iii) Granting such further relief as the Court deems just and proper.

**DEMAND FOR JURY TRIAL**

Plaintiff demands a trial by jury as to all issues so triable.

Respectfully submitted on January 14, 2026

*/s/Peter M. Bernhardt*
Peter M. Bernhardt, Esq.
Florida Bar No. 969771
pbernhardt@mcdonaldhopkins.com
klundstrom@mcdonaldhopkins.com
Laura G. Nguyen, Esq.
Florida Bar No. 1018826
lnguyen@mcdonaldhopkins.com
klundstrom@mcdonaldhopkins.com
**MCDONALD HOPKINS, LLC**
501 S. Flagler Drive, Suite 200
West Palm Beach, FL 33401
*Attorneys for Smithbridge*

*/s/ Zachary Hyman*
Zachary Hyman, Esq.
Florida Bar No. 98581
zach@millenniallaw.com
jessica@millenniallaw.com
assistant@millenniallaw.com
**MILLENNIAL LAW**
320 SE 11th Street
Fort Lauderdale, Florida 33316
Phone: 954-271-2719
*Attorneys for Sulaymanov and JLZ*